966 F.2d 1451
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joel I. CURTIS a minor through his guardian, natural mother
and next friend, Deborah R. Curtis, Plaintiffs-Appellants,
v.
POPE & TALBOT, INC.; Pope & Talbot Wisconsin, Inc.;
Universal Creative Concepts, Inc., Defendants,
Universal Match Corporation, Inc., a corporation doing
business as Feudor and Feudor, S.A., Defendants-Appellees.
 No. 91-6372.
 United States Court of Appeals, Sixth Circuit.
 June 19, 1992.
 
 Before KEITH and SUHRHEINRICH, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs-appellants, Joel I. Curtis, a minor through his guardian, natural mother and next friend, Deborah R. Curtis, appeal from the district court's grant of summary judgment to Pope & Talbot, Inc.; Pope & Talbot Wisconsin, Inc.; Universal Creative Concepts, Inc., defendants, and to Universal Match Corp., Inc., a corporation, doing business as Feudor and Feudor S.A., defendants-appellees, in a products liability action.
 
 I.
 
 2
 This is a products liability action in which the court's diversity jurisdiction has been invoked under 28 U.S.C. § 1332. On May 17, 1986, Joel Curtis suffered personal injuries when the diaper he was wearing was set on fire by his brother, Joshua, with a disposable butane cigarette lighter manufactured by Feudor and distributed by Universal Match. At the time of this incident, Joel Curtis was two years and four months in age, and Joshua was three years and nine months old. The accident occurred when the boys' father, Aqua Curtis, left both children alone, unattended, and asleep in the rear seat of his automobile while he was visiting at the home of a friend. The father left his cigarette lighter on the dashboard of his car in plain view of the children. Joshua awoke, began playing with the lighter, and set fire to Joel's diaper. Although the package in which the lighter was sold had a printed warning which stated "KEEP OUT OF REACH OF CHILDREN," the lighter itself did not have any warning printed directly on it. The lighter was in good working order.
 
 
 3
 On June 16, 1989, plaintiffs filed a complaint in the United States District Court for the Eastern District of Tennessee alleging that the lighter was defective because it was not designed to be childproof or child resistant and did not have an adequate warning. Specifically, plaintiffs alleged that the lighter was defective and unreasonably dangerous to foreseeable users such as Joel Curtis in that: (1) the product was inadequately tested and inspected to ensure that it would be safe; (2) the product was designed, manufactured, marketed and sold without being made "childproof" for the protection of children such as Joel Curtis; and (3) the product lacked adequate, proper instructions and warnings to purchasers and users as to the known dangers associated with the use of lighters.
 
 
 4
 Defendants moved for summary judgment.
 
 
 5
 The parents of the minor plaintiff, Aqua and Deborah Curtis, testified in their depositions that they had prior knowledge about the danger of leaving a cigarette lighter near their son, Joshua. Deborah Curtis testified she knew it was unsafe to leave lighters around children and she had previously admonished Aqua Curtis not to leave his lighters within the reach of their children. Moreover, Mr. Curtis knew that Joshua had a prior history of playing with lighters. Mr. Curtis had disciplined Joshua before the accident on at least three occasions for playing with lighters. Mr. & Mrs. Curtis testified that although they had observed Joshua playing with and attempting to operate lighters, they had never seen Joshua actually succeed in operating a lighter to produce a flame.
 
 
 6
 On September 27, 1991, the district court granted defendants' motion for summary judgment. Plaintiffs timely filed a notice of appeal on October 21, 1991.
 
 II.
 
 7
 Defendants contend that the district court erred in holding, as a matter of Tennessee law, that defendants' product was not defective or unreasonably dangerous and that the evidence which plaintiffs sought to introduce at trial was therefore immaterial and irrelevant. After a careful review of the record, for the reasons stated in the district court's opinion of September 27, 1991, we find that defendants' product is not dangerous to an extent beyond that which would be contemplated by the ordinary consumer within the meaning of the Tennessee Products Liability Act, Tenn.Code Ann. § 29-28-102(8). We also agree with the district court that the evidence which plaintiffs wished to introduce at trial was immaterial and irrelevant and that plaintiffs failed to state a claim under the Consumers Products Safety Act. The opinion of the district court is therefore, hereby, AFFIRMED.